UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANK LOPEZ,

                         Plaintiff,

     -against-

MICHAEL ZENK, Warden of the Metropolitan
Detention Center Brooklyn; LIEUTENANT DANIEL
ORTIZ; CORRECTIONS OFFICER HENRY;
CORRECTIONS OFFICER CHOLAK;
CORRECTIONS OFFICER LEON; CORRECTIONS
OFFICER SPROUL; and CORRECTIONS OFFICER
JOHN DOE, collectively in their individual and official
capacities; and UNITED STATES OF AMERICA,

                        Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

06-CV-4601 (RJD)

DEARIE, Chief Judge.

      Defendants Michael Zenk and the United States of America move to dismiss all claims against Zenk and certain claims against the United States pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), respectively. For the reasons elaborated below, the Court grants the motion to dismiss the claims against Zenk without prejudice, but denies the motion to dismiss plaintiff's negligent denial of medical care claim against the United States.

## BACKGROUND

      Plaintiff Frank Lopez brings this action for compensatory and punitive damages "to remedy the brutal abuse he suffered while in the care, custody and control of Defendants." Am. Compl. ¶ 1. Plaintiff alleges that on the evening of December 8, 2004, he was physically abused and then denied medical attention by defendants while he was incarcerated at the Metropolitan

Detention Center ("MDC") in Brooklyn, New York. Plaintiff asserts claims of excessive force and denial of medical treatment in violation of his Fifth and Eighth Amendment rights under Bivens v. Six Unknown Federal Bureau of Narcotics, 403 U.S. 388 (1871); as well as assault and battery, intentional infliction of emotional distress, and negligent denial of medical treatment under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA").

## DISCUSSION

Defendants argue: (1) that plaintiff's claims against Warden Zenk should be dismissed because he was not personally involved in the purported constitutional violations; and (2) that plaintiff has failed to satisfy the presentment clause of the FTCA with regard to his claim against the United States for negligent denial of medical treatment. The Court addresses these arguments in turn.

### I.      Personal Involvement

"[A]ccepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, a complaint should not be dismissed under Rule 12(c) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360 (2d Cir. 2005) (internal quotation marks omitted). This rule applies with particular force where the plaintiff alleges civil rights violations. Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291

F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted).[1]

"Because the doctrine of *respondeat superior* does not apply in Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." Thomas v. Ashcroft, 470 F.3d 491, 498 (2d Cir. 2006). Plaintiff argues that his "theory of liability is properly predicated on the notion that Defendant Zenk was grossly negligent in supervising his subordinates . . ." Pl.'s Mem. in Opp. to Mot., 8.[2] Defendants counter that "this conclusory assertion, unaccompanied by any specific factual allegations regarding Warden Zenk's purported knowledge of or involvement in the claimed constitutional violations, does not satisfy the requirements for pleading a Bivens claim." Def. Mem. in Supp. of Mot., 10. Applying the "plausibility standard" articulated in Twombly and Iqbal, the Court agrees with defendants.

Courts in this Circuit have dismissed Bivens and other similar claims asserting gross negligence in hiring, failure to train, and failure to supervise, where those claims are unsupported by allegations of fact. See, e.g., Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988); Barbera

---

[1] Although the Supreme Court's recent decision in Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), created "[c]onsiderable uncertainty concerning the standard for assessing the adequacy of pleadings . . .," Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007), the Second Circuit recently clarified that "the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," id. at 157-58. The Court applies the plausibility standard to the instant motion.

[2] In his complaint, plaintiff alleges that defendant Zenk "was responsible at all relevant times for the terms and conditions under which Plaintiff was confined at MDC Brooklyn, and for supervising, hiring and training the officers who battered and mistreated Plaintiff. As Warden, Defendant Zenk subjected Plaintiff to unreasonable and excessively harsh conditions of confinement. Defendant Zenk was grossly negligent in managing and supervising Defendants Ortiz, Henry, Cholak, Leon, Sproul and Doe, who directly violated Plaintiff's constitutional rights." Am. Compl., ¶ 41. Plaintiff also alleges that Zenk failed to "take reasonable measures to prevent and/or remedy his subordinates." Id. at ¶¶ 45, 48, 51, 55, 58, 59, 64.

v. Smith, 836 F.2d 96 (2d Cir. 1987); Vasquez v. Hasty, No. 01-1989, 2005 WL 2271937 (E.D.N.Y. Aug. 30, 2005). Not only has plaintiff failed to elaborate upon Zenk's personal involvement, but as defendant points out, plaintiff's complaint otherwise evokes a narrative of surreptitiousness that makes it less probable that Zenk was involved in or had knowledge of the allegedly violative acts. For these reasons, Zenk's motion to dismiss is granted. However, the Court recognizes that plaintiff filed his amended complaint before the Supreme Court's ruling in Twombly, and exercises the discretion afforded by Fed. R. Civ. P. 15(a)(2) to allow plaintiff to flesh out his allegations of personal involvement by Zenk if he is able to do so.

## II.    Exhaustion of Remedies

A plaintiff asserting subject matter jurisdiction has the burden of proving that it exists by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a district court may refer to evidence outside the pleadings. Id.

The FTCA constitutes a limited waiver by the United States of its sovereign immunity, which requires plaintiffs to properly present their claims to the appropriate federal agency and have them "finally denied" in writing before commencing an action for money damages in federal court. 28 U.S.C. § 2675(a). "Any limitations imposed by the [FTCA's] waiver statute, whether they be substantive, procedural, or temporal, are to be strictly applied against the claimant." Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719-20 (2d Cir. 1998). In evaluating the government's motion to dismiss plaintiff's claim for negligent denial of medical care, the Court will address separately: (1) the degree of specificity required of plaintiff's administrative claim; and (2) whether the Court can read multiple administrative claims together

4

to satisfy that requirement.

A.  **The FTCA's Presentment Requirement**

Although "the mere act of filing a [Standard Form 95 ("SF 95")] does not necessarily fulfill the presentment requirement of § 2675(a)," Romulus v. United States, 788 F.2d 845, 848 (2d Cir. 1986), "[a]ll that is necessary [under the FTCA's presentment requirement] is that a claim be specific enough to serve the purposes intended by Congress in enacting § 2675(a)—to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims . . ." Johnson by Johnson v. United States, 788 F.2d 845, 848 (2d Cir. 1986) (citations omitted).

The government argues that "[b]ecause plaintiff omitted any reference to purportedly deficient medical treatment, the August 2005 claim form was insufficient to [1] apprise BOP that he was alleging negligent denial of medical care, or [2] to allow the agency to investigate such a claim." Def.'s Mem. in Supp. Mot., 16. As explained below, the first assertion reflects an erroneous interpretation of plaintiff's burden, while the second is simply not accurate. The government cites Turkmen v. Ashcroft for the proposition that plaintiff "cannot present one claim to the agency and then maintain a suit on a different set of facts," No. 02 CV 2307, 2006 WL 1662663, at *54 (E.D.N.Y. Jun. 14, 2006).³ While it is axiomatic that "an injury does not imply a wrongful denial of medical treatment," id., this truism misses the point. As discussed

---

³ In support of his holding in Turkmen, Judge Gleeson, without mentioning Johnson by Johnson, cited Palay v. United States, 349 F.3d 418 (7th Cir. 2003), for its ruling that allegations of injuries and their physical effects failed to satisfy exhaustion with regard to a claim for inadequate medical care. As noted by the Court in Palay and by Judge Trager in a somewhat distinguishable context in Romulus v. United States, 983 F. Supp. 336 (E.D.N.Y. 1997), affirmed by 160 F.3d 131 (2nd Cir. 1998), the Seventh Circuit's standard is not universally followed. See, e.g., Adams v. United States, 615 F.2d 284 (5th Cir.1980), clarified by 622 F.2d 197 (1980).

5

below, the question is not whether plaintiff asserted a claim for negligent denial of medical care, or even the facts necessary to establish such a claim, but whether the facts asserted should have, upon investigation, uncovered sufficient information for the Bureau of Prisons to expedite the fair settlement of the matter.

In <u>Johnson by Johnson</u>, the Second Circuit held that "[b]y stating the cause of the injury, the name of the employee[s] who committed the assault, and the date and location of the attack, the claim notified the agency of sufficient factual circumstances to enable it to investigate the matter." 788 F.2d at 849. So long as this basic information is provided, the question is "whether a reasonably thorough investigation should have uncovered any pertinent information in the government's possession," that would effectuate Congress' purposes in enacting § 2675(a). <u>Id.</u>

In <u>Johnson by Johnson</u> a two-sentence description on an SF 95 of a sexual assault on a minor by a postman was found sufficient to support a claim of negligent supervision against the Postal Service, even though "the claim supplied no facts evidencing negligent supervision and did not allege all the factual elements of such a theory . . ." <u>Id.</u> In finding that "the district court erred in extending [§ 2675(a)'s requirements] to require that a ground of liability cannot be maintained unless factual elements uniquely related to that theory were first presented in the administrative claim," the Second Circuit held that "the agency could reasonably be required to have anticipated that [plaintiff's] claims encompassed recovery based on negligent supervision and to conduct an investigation accordingly." <u>Id.</u> This then is a two-step process: first, even a relatively bare-bones SF 95 should trigger an agency investigation; second, the agency should then anticipate claims stemming from "any pertinent information in the government's possession," <u>id</u>.

6

Plaintiff's August 2005 SF 95 described the basis of his claim in the following manner: "I was beaten and assaulted by correction officers at the M.D.C. Brooklyn, New York, (new building) 9th Floor, holding cell. I suffered injury to my face, eye and back. I was treated at Downstate Hospital Emergency Room." Johnson Decl. Exh. B. 1. Where asked to "[s]tate nature and extent of each injury . . . which forms the basis of this claim," plaintiff listed the following: "Blurry right eye, back pain, migraine, twitching in right eye. *Documented.* Ears, eye, back, pelvis." Id. (emphasis added). Plaintiff then stated the amount of the claim to be one million dollars. Id. Though tersely worded, this form provided the Bureau of Prisons with "enough information to permit the agency to conduct an investigation and to estimate the claim's worth." Romulus, 160 F.3d at 132; see also Williams v. United States, 693 F.2d 555, 557 (5th Cir.1982) ("[A]n individual with a claim against the government satisfies the notice requirements of § 2675 if he or she: '(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'") (citing Adams v. U.S., 615 F.2d 284, 288 (5th Cir.), clarified by, 622 F.2d 197 (1980)).

A reasonably thorough investigation should have uncovered, at a minimum, any noteworthy delay in securing medical treatment promptly after the incident.[4] Given the BOP's "familiarity with the task of settling tort claims," Johnson by Johnson, 788 F.2d at 849, the alleged severity of plaintiff's injuries, and the fact that plaintiff was assaulted during the evening of December 8th, 2004, but only admitted to the hospital the next day, the agency can reasonably

---

[4] Without venturing to set out any standard or requirement applicable beyond the factual confines of this case, the Court simply notes that—barring some sort of excuse—a reasonable investigation should have uncovered any reports related to the incident, as well as any forms or records related to plaintiff's hospitalization.

7

be required to have anticipated that plaintiff's claims encompassed recovery based on negligent denial of medical care. For these reasons, the Court finds plaintiff's August 2005 SF 95 to be sufficient to effectuate Congress' purposes in enacting the FTCA's presentment requirement.[5]

### B. Plaintiff's Multiple Administrative Tort Claims

Plaintiff argues that "even if Mr. Lopez's administrative tort claim filed in August 2005 *alone* did not notify the BOP of sufficient factual circumstances to enable it to investigate the matter, plaintiff's three administrative tort claims, taken together, most certainly did." Pl.'s Mot. in Opp., 13. Plaintiff points specifically to a letter submitted together with his January 10, 2005, SF 95 seeking compensation for property lost by BOP officials during Mr. Lopez's post-assault transfer from MDC to the Metropolitan Correctional Center in Manhattan. In that letter, plaintiff states that he was "rushed out to the hospital" the morning after the assault, and that "*because I was not afforded medical attention that night*, I had to go get CAT scans done on my head." Johnson Decl. Ex. A, 2 (emphasis added).

Defendant contends that "each administrative tort claim must be treated separately for

---

[5] This finding is, as all such findings must be, particular to the facts of this case and in line with the standard employed in this Circuit. See, e.g., Neuenswander v. United States, 422 F. Supp. 2d 425, 438 (D. Vt. 2006) ("Certainly, a reasonable investigation of [plaintiff's] claim for the failure to properly treat his medical condition . . . would include a review of his entire medical history . . . and thereby 'uncover any pertinent information.'") (citing Johnson by Johnson, 788 F.2d at 849); State Farm Mutual Automobile Ins. Co. v. United States, 326 F. Supp. 2d 407, 413-14 (E.D.N.Y. 2004) (finding in a case that "does not present a vast array of factual and legal possibilities or a vague claim by the plaintiff without any suggestion of a tort claim," that plaintiff's "relatively simple" claim adequately met the presentment requirements of § 2675(a)); but see Donahue v. U.S. Transp. Sec. Admin., 457 F. Supp. 2d 137, 141 (E.D.N.Y. 2006) (finding presentment requirement not met where "conclusory statements [in SF 95] provide no description of what actually happened to [plaintiff]. There is no information in the Notice of Claim as to how [plaintiff] was injured, the cause of the injury, how that injury is related in any way to the manner in which a [defendant's] vehicle was parked . . . or the nature of the alleged injury").

8

purposes of FTCA exhaustion." Def.'s Reply, 8. Defendant also asserts that "[i]n any event, the statements made by plaintiff in his January 2005 administrative claim were not sufficient to put the BOP on notice that plaintiff was seeking compensation for denial of medical care." Id. at 9.

Although the parties do not cite to, and the Court has been unable to find, a decision from this Circuit that speaks directly to this issue, evidence abounds of instances in which courts have considered multiple filings together to constitute or define a claim under § 2675. See, e.g., Keene Corp. v. U.S., 700 F.2d 836, 842 (2d Cir. 1983) ("Where separate claims are aggregated under the FTCA, the claimant must present the government with a definite damage amount for each claim."); Williams, 693 F.2d at 557-58 (5th Cir. 1982) (noting the Fifth Circuit's "pragmatic view toward the form or manner of filing of administrative claims when deciding upon the fulfillment of § 2675" and reading a state court complaint together with an administrative claim form to satisfy the notice requirement of § 2675); Mosseri v. F.D.I.C., Nos. 95 Civ. 723, 97 Civ. 969, 1999 WL 694289, at *9 (S.D.N.Y. Sept. 8, 1999) (explaining that the Second Circuit "found that [the District Court] failed to consider whether [plaintiff's] FTCA Claim, filed with [one agency], together with his letter to [his] Congresswoman, constituted a 'constructive' filing with the [relevant agency].") (citing Mosseri v. F.D.I.C., 104 F.3d 356 (2d Cir. 1996)); Brunson v. Runyon, Civ. A. No. 90-1207, 1993 WL 388986, at *4 (D.N.J. Sep. 22, 1993) ("In view of the minimal notice requirement, the Claim Forms, considered together with [plaintiff's] cover letter, put the [agency] on notice and [defendant] had rudimentary information sufficient to begin investigating the [plaintiff's] claims."); Leaty v. U.S., 748 F. Supp. 268, 270 (D.N.J. 1990) ("Standard Form 95 submitted on plaintiff's behalf by his mother when taken together with a letter of representation from plaintiff's attorney can be considered sufficient to

constitute an administrative claim.").

It is no stretch to expect that a reasonable investigation of plaintiff's August 2005 claim should have led the BOP to the existing paperwork associated with his January 2005 claim, which, after all, stemmed from the same event and clearly premised his claim upon the allegation that he "was not afforded medical attention that night."[6] Although the Court finds the August 2005 claim to be sufficient to fulfill the FTCA's presentment requirement, the Court also holds in the alternative that the assertions made by plaintiff in the January 2005 letter, when read together with his August 2005 claim, provided defendants with more than sufficient factual circumstances to serve the purposes intended by Congress in enacting § 2675(a).

## CONCLUSION

For the reasons stated above, the Court dismisses all of the charges against Zenk without prejudice and denies the government's motion to dismiss plaintiff's negligent denial of medical care claim.

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2008

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[6] Plaintiff also submitted a Request for Administrative Remedy on January 10, 2005, a Regional Administrative Remedy Appeal on February 11, 2005, and a Central Office Administrative Appeal on March 15, 2005, Lopez Decl. Exh. A, D, G, in each of which, as counsel for defendant candidly admitted at oral argument, "he made perfectly clear he was denied medical care . . ." Tr. 11. However, the Court need not and does not rely on these filings to support its finding.